UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br>Plaintiff,<br>v.<br>PRADEEP K. KHOSLA; et al,<br>Defendants. | Case No.: 25-cv-1241-BJC-JAC<br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN THE DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br>**[ECF No. 2]** |

Presently before the Court is Plaintiff Mel Marin's Application to Proceed in the District Court without Prepaying Fees or Costs ("IFP Motion"). ECF No. 2. Plaintiff, proceeding *pro se*, filed a Complaint on May 14, 2025. ECF No. 1. For the reasons provided below, the IFP Motion is **GRANTED**.

Generally, all parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a); Civ. L.R. 4.5(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234

(2015). Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff is destitute. *Id.*

Plaintiff did not prepay the filing fees required by 28 U.S.C. § 1914(a); instead, he filed this IFP Motion. Plaintiff's affidavit shows, aside from retirement and disability, Plaintiff has no other form of income. ECF No. 2 at 1-2. Plaintiff reports holding three checking accounts with a combined balance of $290. *Id*. at 2. In total, Plaintiff's reported income is $1,605.00. *See id*. at 1-2. Plaintiff's monthly expenses of $1,540.00 nearly cancel out his entire income. *See id.* at 2, 4–5. Based on Plaintiff's income, expenses, and bank accounts, it appears that he does not have funds to pay the filing fee and still "afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion. ECF No. 2.

**IT IS SO ORDERED.**

Dated: October 20, 2026

Honorable Benjamin J. Cheeks
United States District Judge